IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JAN MORTON, individually and on behalf of all others similarly situated,** *Plaintiff* <br><br> **v.** <br><br> **THRIVE AGENCY LLC,** *Defendant* | § § § § § § § § <br><br> **Case No. 1:24-CV-01458-RP** |

**ORDER**

Now before the Court is Plaintiff's Motion to Commence Discovery, filed April 30, 2025 (Dkt. 9).[1]

Plaintiff Jan Morton sued Defendant Thrive Agency LLC ("Thrive") on November 23, 2024 for allegedly violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), by making telemarketing calls to his and other numbers on the National Do Not Call Registry. Morton sues on behalf of the putative National Do Not Call Registry Class, which he defines as:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Thrive or a Thrive entity, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

Complaint, Dkt. 1 ¶ 37. He seeks class certification, injunctive relief, and damages.

Morton filed his complaint and served Thrive on December 13, 2024. Dkts. 1, 4. After Thrive failed to answer or otherwise make an appearance, Morton moved for Clerk's entry of default under Rule 55(a). Dkt. 6. The Clerk entered default on April 8, 2025. Dkt. 7. The Court then ordered Morton to move for default judgment under Rule 55(b). Dkt. 8.

---

[1] By Text Order entered May 1, 2025, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Morton argues that he cannot move for a default judgment on the class he claims because he "has not yet obtained classwide calling records to ascertain the members of the putative class and has not moved for class certification under Rule 23, or given appropriate notice to the class under Rule 23(c)(2)." Dkt. 9 at 1. He asks to commence discovery under Rule 26(d)(1) to obtain calling records from Thrive's third-party telephone providers, contending that "there is no other way to ascertain calling records, and thus potential class membership." Dkt. 9 at 3. Morton also argues that early discovery is necessary because of the "ethereal nature of the calling records," suggesting that records may be destroyed without an order to permit discovery now. Dkt. 9 at 5. Defendant, which has not appeared, did not respond to the motion.

## I. Analysis

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." This Court applies a "good cause" standard to determine whether a party is entitled to early discovery. *Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby*, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *4 (W.D. Tex. July 19, 2017). Relevant factors include (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how long before the typical discovery process the request was made. *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017).

The party seeking discovery bears the burden to show good cause, and the subject of the request should be "narrowly tailored in scope." *Stockade Cos., LLC v. Kelly Rest. Grp.*, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017). The Court has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Ensor v. Does 1-15*, No. A-19-CV-00625-LY, 2019 WL 4648486, at *2 (W.D. Tex. Sept. 23, 2019) (citation omitted).

A court must separately determine whether to certify an action as a class action and to enter a default judgment granting class relief. *Chavez v. Plan Benefit Servs., Inc.*, 957 F.3d 542 (5th Cir. 2020); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. MDL 2047, 2014 WL 4809520, at *10 (E.D. La. Sept. 26, 2014). To obtain class certification, a plaintiff must satisfy the four threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 766 (5th Cir. 2020). Class certification often requires some discovery. *See, e.g., Siringi v. Parkway Fam. Mazda/Kia*, ---F.R.D. ----, No. H-23-1499, 2023 WL 7130867, at *4 (S.D. Tex. Oct. 30, 2023) (finding "targeted discovery" necessary to determine class certification in TCPA case). Courts routinely permit precertification discovery of call lists and call data in putative TCPA class actions. *Plante v. StoryBuilt, LLC*, No. 1:23-CV-01021-DAE, 2024 WL 4945024, at *1 (W.D. Tex. Feb. 6, 2024) (granting plaintiff's motion for early discovery in putative class action); *Cleveland v. Nextmarvel, Inc.*, No. TDC-23-1918, 2024 WL 198212, at *4 (D. Md. Jan. 18, 2024); *Martin v. Khaylie Hazel Yearning LLC*, No. 3:22-CV-176, 2022 WL 17573424, at *2 (N.D. Miss. Dec. 9, 2022).

The Court finds that Morton has shown good cause for early discovery. Morton seeks expedited discovery to comply with the Court's order to move for default judgment. Because he seeks discovery only from third-party service providers, there is no burden to Thrive. Although no preliminary injunction is pending, Morton urges that discovery is necessary due to the "ethereal nature of the calling records" and suggests records may be destroyed without an order to permit discovery. Dkt. 9 at 5. Finally, Morton limits his request to those that will identify putative class members and establish the prerequisites for class certification. Balancing the relevant factors, the Court finds that there is good cause to conduct discovery. And because Morton limits discovery to the question of class certification, the Court finds that his request is sufficiently tailored in scope.

## II. Conclusion

Plaintiff Jan Morton's Motion to Commence Discovery (Dkt. 9) is **GRANTED**. Morton has until **October 9, 2025** to conduct discovery concerning the prerequisites for class certification under Rule 23.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on July 10, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE